UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERIE L. FRIESTH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. CV 16-3535-KES<br><br>MEMORANDUM OPINION<br>AND ORDER |

Plaintiff Cherie L. Friesth ("Plaintiff") appeals the final decision of the Administrative Law Judge ("ALJ") denying her application for supplemental security income ("SSI") and Disability Insurance Benefits ("DIB").

Because the ALJ erred in failing to incorporate into Plaintiff's residual functional capacity ("RFC") limitations consistent with the ALJ's express finding that Plaintiff has "moderate" limitations in the area of concentration, persistence, and pace, the Commissioner's decision is REVERSED and the matter is REMANDED for further proceedings consistent with this opinion.

## I.
## BACKGROUND

Plaintiff applied for DIB and SSI on April 12, 2016, alleging a disability

1

onset date of February 26, 2012. Administrative Record ("AR") 185-186; 187-192. An ALJ conducted a hearing on September 22, 2014, at which Plaintiff, who was represented by an attorney, appeared and testified. AR 35-68.

On November 12, 2014, the ALJ issued a written decision denying Plaintiff's request for benefits. AR 19-29. The ALJ found that Plaintiff suffered from medically determinable severe impairments consisting of Fibromyalgia, anxiety, and depression. AR 21. Notwithstanding her impairments, the ALJ concluded that Plaintiff had the RFC to perform light work with the additional limitations: no more than frequent postural activities, no complex tasks or decision-making, and able to perform simple to semi-skilled work. Id.

Based on this RFC and the testimony of a vocational expert ("VE"), the ALJ found that Plaintiff could not return to her past relevant work as a registered nurse, store manager or cook, but that she could find work as a retail sales clerk, cashier, ticket taker or cafeteria attendant. AR 27-28. Therefore, the ALJ concluded that Plaintiff is not disabled.

## II.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative

record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21.

"A decision of the ALJ will not be reversed for errors that are harmless." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). Generally, an error is harmless if it either "occurred during a procedure or step the ALJ was not required to perform," or if it "was inconsequential to the ultimate nondisability determination." Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006).

**A. The Evaluation of Disability.**

A person is "disabled" for purposes of receiving Social Security benefits if he is unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or which has lasted, or is expected to last, for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992). A claimant for disability benefits bears the burden of producing evidence to demonstrate that he was disabled within the relevant time period. Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995).

**B. The Five-Step Evaluation Process.**

The ALJ follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Lester v. Chater, 81 F.3d 821, 828 n. 5 (9th Cir. 1996). In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim must be denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

If the claimant is not engaged in substantial gainful activity, the second step

requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting his ability to do basic work activities; if not, a finding of not disabled is made and the claim must be denied. Id. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

When an applicant for disability benefits claims mental impairment, the ALJ must employ the "special psychiatric review technique" described in 20 C.F.R. § 404.1520a to determine whether the mental impairment is "severe." Keyser v. Comm'r of Soc. Sec. Admin, 648 F.3d 721, 725 (9th Cir. 2011). As the Ninth Circuit explained in Keyser, "[t]hat regulation requires those reviewing an application for disability to follow a special psychiatric review technique. 20 C.F.R. § 404.1520a. Specifically, the reviewer must determine whether an applicant has a medically determinable mental impairment, id. § 404.1520a(b), rate the degree of functional limitation for four functional areas, id. § 404.1520a(c), [and] determine the severity of the mental impairment (in part based on the degree of functional limitation), id. § 404.1520a(c)(1) …." Id. at 725. "The four functional areas the ALJ must assess are: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation." Perry v. Colvin, No. 3:12-CV-1506-PK, 2014 WL 3667879, at *5 (D. Or. July 22, 2014) (citing 20 C.F.R. § 404.1520a(c)(3)).

If the ALJ determines that the impairment is severe, he or she will then proceed to step three of the disability analysis to determine if the impairment meets or is equivalent in severity to a specific listed mental disorder in the Listing of Impairments ("Listing") set forth at 20 C.F.R., Part 404, Subpart P, Appendix 1; if so, disability is conclusively presumed and benefits are awarded. Id. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). In determining whether a claimant with a mental impairment meets a specific Listing, the Commissioner compares the functional limitations analyzed during the "special psychiatric review technique" to the limitations in the specific Listing. See Lester, 81 F.3d at 829.

If the claimant's impairment or combination of impairments does not meet or equal in severity an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient residual functional capacity ("RFC") to perform his past work. If so, the claimant is not disabled and the claim must be denied. Id. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). The claimant has the burden of proving he is unable to perform past relevant work. Drouin, 966 F.2d at 1257. If the claimant meets that burden, a prima facie case of disability is established. Id.

If that happens or if the claimant has no past relevant work, the Commissioner then bears the burden of establishing that the claimant is not disabled because he can perform other substantial gainful work available in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). That determination comprises the fifth and final step in the sequential analysis. Id. §§ 404.1520, 416.920; Lester, 81 F.3d at 828 n. 5; Drouin, 966 F.2d at 1257.

### III.
### ISSUES PRESENTED

Issue One: Whether the ALJ properly evaluated the opinions of examining physician Miles Diller, Ph.D., and non-examining physician Christal Janssen, Ph.D.

Issue Two: Whether the ALJ's assessed RFC is supported by substantial evidence.

(Dkt. 18 [Joint Stipulation or "JS"] at 4.)

## IV.

## DISCUSSION

**A.** **Issue Two: The ALJ erred by failing to incorporate into Plaintiff's RFC limitations that adequately reflect Plaintiff's moderate impairment in concentration, persistence, and pace.**

### 1. Relevant Medical Evidence.

#### a. Dr. Diller's Opinions.

Dr. Miles Diller, Ph.D., conducted a mental disability evaluation at the request of the state agency on August 10, 2012. AR 315-18. Dr. Diller diagnosed Plaintiff with adjustment disorder and assessed a global assessment functioning score of 50. AR 317. On mental examination Dr. Diller noted that Plaintiff presented groomed and clean, and was cooperative with no signs of malingering. AR 316. Plaintiff exhibited a sad and depressed mood and affect, and admitted to passive suicidal ideation with no intent. Id. Plaintiff's thought process was logical and goal oriented, and that her speech, rate and tone were normal. Id. Memory testing resulted in immediate recall of five digits forward and three digits in reverse, and could remember one out of three objects after five minutes. Id. Plaintiff could perform serial threes, but had more difficulty with serial sevens. AR 317. Plaintiff could follow a three-step command. Id. Plaintiff reported that she has trouble getting up and moving around, and therefore does not perform many daily activities. She reported that she gets others to shop for her and that her daughter helps her cook. Id.

Dr. Diller noted that no medical records were available for review, and therefore it was "unknown to what extent [Plaintiff's] self-report represents a true depiction of her mental condition." Id. Dr. Diller opined that Plaintiff appeared sincere, conscientious, and disturbed by her situation. Id. Dr. Diller described Plaintiff's prognosis as fair to poor.

Dr. Diller provided the following functional assessment:

> The claimant has a good ability to reason, a fair ability to make judgments, and a fair to good ability to follow simple and complex instructions. Her immediate memory and cognitive processing skills are reduced and mildly impaired. Sustained concentration and persistence are poor to fair at this time. Her ability to adapt to changes in routine and to stress would likely be affected by her mood and by any pain which she might be experiencing. She recently attempted to work at a job that caused physical pain, by her report. This is assuming the patient's reports of chronic pain are true. There were no medical records available to verify her condition or the likely severity of her pain. This report is based on today's interview and available medical records. No medical responsibility is implied.

AR 318.

        b.     Dr. Janssen's Opinions.

Christal Janssen, Ph.D., reviewed Plaintiff's medical records and provided her psychiatric opinions concerning Plaintiff's disability, dated August 22, 2012. AR 319-337.

In assessing Plaintiff's medically determinable impairments, Dr. Janssen opined that Plaintiff opined that Plaintiff has moderate difficulties in maintaining concentration, persistence, and pace. AR 335. In her assessment of limits on Plaintiff's mental functioning, Dr. Janssen opined that Plaintiff is moderately limited in her ability to (1) maintain attention and concentration for extended periods, (2) complete a normal work-day and week without interruptions from psychologically based symptoms, (3) perform at a consistent pace without an unreasonable number and length of rest periods, (4) accept instructions and respond appropriately to criticism from supervisors, (5) respond appropriately to changes in the work setting, and (6) set realistic goals or make goals independently of others. AR 321-22. Dr. Janssen opined that Plaintiff had no marked limitations. Id.

In additional notes, Dr. Janssen further noted that Plaintiff had "some problems" with memory and concentration. AR 323. Dr. Janssen also noted "some problems" in Plaintiff's ability to sustain concentration, persistence, and pace, and to adapt to stress. Id. She noted that Plaintiff appears able to perform work where interpersonal contact is routine/superficial, and that Plaintiff requires detailed supervision for non-routine tasks. Id. Dr. Janssen opined that Plaintiff could perform semi-skilled work. Id. She also diagnosed Plaintiff with affective disorder. AR 325.

### c. The ALJ's Treatment of Drs. Diller and Janssen's Opinions.

The ALJ gave Drs. Diller and Janssen's opinions significant, probative weight because "they are largely consistent with each other and the objective medical evidence, which shows a history of complaints of anxious and depressive symptoms, as well as some deficiencies in concentration, but otherwise mostly normal cognitive, expressive, receptive, and social functioning." AR 26. The ALJ noted that Dr. Diller was able to examine Plaintiff and evaluate her subjective complaints, while Dr. Janssen had the opportunity to review and consider the relevant documentary evidence, "which lends [her] opinion additional probative weight." Id.

## 2. Relevant ALJ Determinations.

At step two, the ALJ employed the "special psychiatric review technique" described in 20 C.F.R. § 404.1520a in determining that Plaintiff has the severe impairments of anxiety and depression. AR 21-22. The ALJ found that Plaintiff has moderate difficulties with regard to concentration, persistence, and pace, mild difficulties with regard to social functioning and daily living, and no episodes of decompensation. AR 22. At step three, the ALJ then determined that, based on the functional limitation findings at step two, the severity of Plaintiff's anxiety and depression did not meet the criteria of Listings 12.04 (depression) or 12.06 (anxiety). AR 22.

In formulating the RFC at step four, the ALJ attempted to account for Plaintiff's functional limitations caused by her mental impairments by including the following limitations: "no complex tasks or decision-making. The claimant is able to perform simple to semi-skilled tasks." Id.

When the ALJ asked the VE for testimony, the ALJ formulated his hypothetical question with the following limitations: "she could perform simple to semiskilled work, but she would need to avoid jobs requiring complex tasks or decision-making." AR 65. Based on those limitations, the VE testified that Plaintiff could perform work as a retail sales clerk, cashier, ticket taker, or cafeteria attendant. AR 66-67. The ALJ relied on the VE's testimony in determining that Plaintiff could perform such work, and was therefore not disabled. AR 27-28.

### 3. Applicable Law.

In the RFC and hypothetical questions posed to the VE, the ALJ must include all of a claimant's restrictions. 20 C.F.R. §§ 404.1545, 416.945. When the medical evidence establishes and the ALJ accepts that the claimant has moderate limitations in maintaining concentration, persistence, and pace, that limitation must be reflected in the Plaintiff's RFC and in the hypothetical presented to the VE. Merely limiting the claimant's potential work to "simple, repetitive work" does not sufficiently account for moderate limitations in concentration, persistence, or pace. Brink v. Comm'r of Soc. Sec. Admin., 343 F. App'x 211, 212 (9th Cir. 2009) ("The Commissioner's contention that the phrase 'simple, repetitive work' encompasses difficulties with concentration, persistence, or pace is not persuasive. Indeed, repetitive, assembly-line work … might well require extensive focus or speed."); see also Lubin v. Comm'r of Soc. Sec. Admin., 507 F. App'x 709, 712 (9th Cir. 2013) ("Although the ALJ found that the [claimant] suffered moderate difficulties in maintaining concentration, persistence, or pace, the ALJ erred by not including this limitation in the residual functional capacity determination or in the hypothetical question to the [VE]."). Although Brink and Lubin are unpublished

decisions by the Ninth Circuit, and therefore do not establish precedent, they are indicative of how the court would rule in a published decision.

In <u>Lee v. Colvin</u>, 80 F. Supp. 3d 1137, 1151 (D. Or. 2014), the district court followed <u>Brink</u> and <u>Lubin</u> to conclude that because the ALJ accepted that claimant had moderate restrictions as to concentration, persistence, and pace, she erred in failing "to address these specific restrictions in claimant's RFC and in her hypothetical questions" to the VE. <u>Id.</u> at 1150. Specifically, the ALJ's hypothetical questions only inquired about jobs for someone who can "understand, remember, and carry out only simple instructions that can be learned by demonstration" with "little variance in assigned tasks from day to day." <u>Id.</u> at 1151. The district court determined that this hypothetical "did not address limitations regarding persistence or pace," because "the jobs identified by [the VE] (auto detailer, scrap metal sorter, and agricultural produce packer) may still require 'extensive focus or speed,' similar to the repetitive, assembly-line work described in <u>Brink</u>. <u>Id.</u>

Numerous unpublished district court opinions have also followed <u>Brink</u> and <u>Lubin</u> to find error when the ALJ finds that a claimant has moderate limitation in maintaining concentration, persistence, or pace at step two, but attempts to account for this in the RFC only by limiting the claimant to simple, repetitive work. <u>See e.g.</u>, <u>Sanchez v. Colvin</u>, 2016 U.S. Dist. LEXIS 58817, at *12-13 (C.D. Cal. May 3, 2016); <u>Willard v. Colvin</u>, 2016 U.S. Dist. LEXIS 6670, at *9 (C.D. Cal. Jan. 20, 2016); <u>Woodward v. Colvin</u>, 2015 U.S. Dist. LEXIS 163171, at *24-26 (C.D. Cal. Dec. 4, 2015) ("mild to moderate difficulty in maintaining concentration, persistence, or pace" was not adequately accounted for by limitations to "simple and repetitive unskilled work"); <u>Bentancourt v. Astrue</u>, 2010 U.S. Dist. LEXIS 125435, at *9-10 (C.D. Cal. Nov. 27, 2010).

The <u>Brink</u> and <u>Lubin</u> line of cases are distinguishable from the line of cases relying on <u>Stubbs-Danielson v. Astrue</u>, 539 F.3d 1169, 1173 (9th Cir. 2008), in which the ALJ never made a finding that the claimant had moderate limitations in

10

concentration, persistence, or pace. Rather, a physician identified claimant as having "slow pace in thought and action," but found she was still able to "follow three-step instructions." Id. at 1171. The ALJ "translated" the physician's conclusions regarding pace and mental limitations into a restriction to "simple tasks," and the Ninth Circuit found that the ALJ's translation adequately incorporated the medical evidence concerning claimant's impairments. Id. at 1174. As a general rule, the Ninth Circuit held that an "assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with the restrictions identified in the medical testimony." Id.

Some district courts have extended Stubbs-Danielson's reasoning to cases in which the ALJ did find moderate restrictions in concentration, persistence, and pace while employing the "special psychiatric review technique" described in 20 C.F.R. § 404.1520a, but assessed an RFC only restricting the plaintiff to simple, routine tasks. Those courts note that "the special analysis for mental disorders, which includes an assessment of concentration, persistence, and pace, is a severity analysis [performed at step two] which is distinct from the functional analysis at step five of the sequential evaluation." Phillips v. Colvin, 61 F. Supp. 3d 925, 940 (N.D. Cal. 2014). Therefore, "the relevant question is whether the medical evidence supports a particular RFC finding" with regard to concentration, persistence, and pace. Id. See e.g., Wilder v. Comm'r of Soc. Sec. Admin., 545 F. App'x 638, 639 (9th Cir. 2013) (unpublished) (ALJ did not err by failing to include the step two finding that plaintiff had moderate difficulties in maintaining concentration, persistence, and pace because "the medical evidence in this record does not support any work-related limitation in [plaintiff's] ability to sustain concentration, persistence, or pace."); Bordeaux v. Comm'r of Soc. Sec. Admin., 2013 WL 4773577, at *13 (D. Or. Nov. 18, 2013) ("the ALJ did not err in omitting from the RFC assessment the specific [concentration, persistence, and pace] finding set out

in the special technique … a careful review of the medical evidence and the ALJ's decision supports the conclusion that the ALJ's RFC adequately account for … the "less than substantial limitations in concentration, persistence and pace at simple work activities" identified by Dr. Logue."); Mitchell v. Comm'r of Soc. Sec. Admin., 2013 WL 5372852, at *5 (E.D. Cal. Sept. 25, 2013), aff'd sub nom., Mitchell v. Colvin, 642 F. App'x 731 (9th Cir. 2016) ("the special analysis for mental disorders … is a severity analysis which is distinct from the functional analysis at step five of the sequential evaluation.") (citing Hoopai v. Astrue, 499 F.3d 1071, 1076 (9th Cir. 2007)).

### 4. Analysis.

This case is more similar to Brink and its progeny than Stubbs-Danielson. Here, the ALJ accepted medical testimony regarding Plaintiff's moderate limitations in maintaining concentration, persistence, and pace, but failed to incorporate into the RFC the specific limitations the medical opinions identified. The ALJ's finding that Plaintiff is limited to "no complex tasks or decision-making … able to perform simple to semi-skilled tasks," while more verbose, is in reality a single limitation to "simple to semi-skilled" work. The limitation to avoid complex tasks and decision-making is merely an elaboration of the types of tasks Plaintiff cannot do if she can only perform "simple" tasks.

The ALJ gave significant, probative weight to the opinions of Drs. Diller and Janssen. AR 26. Dr. Diller opined that Plaintiff's immediate memory and cognitive processing skills are reduced and mildly impaired, and that sustained concentration and persistence are poor to fair. AR 318. Dr. Janssen opined that Plaintiff's moderate limitations in concentration, persistence, and pace would affect her ability to maintain attention and concentration for extended periods, to complete a normal work-day and week without interruptions from psychologically based symptoms, and to perform at a consistent pace without an unreasonable number and length of rest periods. AR 321-22. The ALJ's RFC limiting Plaintiff to simple to semi-skilled

work with no complex tasks does not adequately address the restrictions Drs. Diller and Janssen assessed with regard to Plaintiff's ability to maintain concentration, persistence, and pace.

This error was not harmless. The VE testified that based on the ALJ's incomplete hypothetical questions, Plaintiff could perform work as a retail sales clerk, cashier, ticket taker, or cafeteria attendant. AR 66-67. The jobs identified by the VE would likely require Plaintiff to manage lines of customers at an efficient pace. For example, a ticket taker needs to be able to collect admission tickets, examine them to verify authenticity, refuse admittance to patrons for a variety of reasons, and count and record the number of tickets collected. See DOT 344.666-010. Those tasks could require sustained concentration and the ability to work at a consistent pace. A cafeteria attendant may need to serve food at a consistent pace, as well as maintain the concentration needed to quickly and efficiently spot, clear, and set empty tables. See DOT 311.677-010. Without the benefit of the VE's testimony on such matters, it is unclear to this Court whether moderate limitations on Plaintiff's ability to maintain concentration for extended periods or work at a consistent pace would render her ineligible to perform these jobs.

**B.     Remand for further proceedings is appropriate.**

When an ALJ errs in denying benefits, the Court generally has discretion to remand for further proceedings. See Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000) (as amended). Here, remand for further proceedings is appropriate, because the ALJ accepted medical-opinion evidence of Plaintiff's moderate limitation in maintaining concentration, persistence, and pace but failed to adequately incorporate it into her RFC. On remand, the ALJ must add limitations to the RFC that adequately account for Plaintiff's moderate limitations in maintaining concentration, persistence, and pace and elicit further testimony from the VE concerning whether the same jobs previously identified (or others) would still be available in sufficient numbers given the additional restrictions.

Because the Court finds that the ALJ's failure to account adequately for Plaintiff's moderate limitations in the area of concentration, persistence, and pace warrants remand, the Court does not reach Plaintiff's other claim of error. Upon remand, the ALJ may wish to consider them.

## V.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is REVERSED and the matter is REMANDED for further proceedings consistent with this opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 7, 2017

_____
KAREN E. SCOTT
United States Magistrate Judge